UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HUGHES, et.al., <br>    Plaintiff, <br><br> v. <br><br> DR. JACQUELINE MITCHELL-LAWSHEA, et.al., <br>    Defendants. | 15-CV-3114 |

## MERIT REVIEW OPINION

The four Plaintiffs in this action are detained in the Rushville Treatment and Detention Center and seek leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The Plaintiffs allege they are provided inadequate dental care at the Rushville facility and the Defendants have been deliberately indifferent to their serious dental conditions. Plaintiffs state Defendant Dr. Jacqueline Mitchell-Lawshea is the only dentist for all 600 residents, works only 15 hours a week, and leaves detainees to suffer without treatment. For instance, Plaintiff Michael Hughes says he submitted a Health Care Request (HCR) for a painful cavity which was diagnosed on June 29, 2014, but one year later, he still has not received treatment. Plaintiff Jeffrey Hargett says he filed an HCR regarding a painful hole in one of his teeth, but has never received treatment. Plaintiff Ronnie Brazzell filed a HCR regarding a painful cavity on October 27, 2013, but received no response for one year. Finally, Plaintiff Lawrence Hayes complained of constant

pain from broken teeth, but it took several months to receive any response.

The Plaintiffs have adequately alleged a constitutional violation since deliberate indifference to serious dental needs violates the Plaintiffs' Fourteenth Amendment due process rights. *Board v. Farnham,* 394 F.3d 469, 480 (7th Cir.2005)("At the outset, we reiterate our view that 'dental care is one of the most important medical needs of inmates.' ")(quoted cites omitted). However, the Plaintiffs have not adequately alleged a claim against each of the thirteen named Defendants. For instance, the Plaintiffs final Defendant is listed as "any and all other defendants discovered through the course of discovery to have participated in the events and actions complained of." (Comp., p. 1). The court will dismiss these unknown Defendants because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Federal Rule of Civil Procedure 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir.1997) (citations omitted).

Plaintiffs have adequately stated a claim against Dentist Dr. Mitchell-Lawshea. The Defendants also state the dentist has in

some previous, unidentified litigation claimed the nursing staff is responsible for keeping track of many of the HCRs which contributes to delays and even lost requests. Therefore, the Plaintiffs have named six Jane Doe Nurses as Defendants. For the purposes of notice pleading, the court will allow the Plaintiff to proceed against the nurses, but Plaintiffs are advised they must not only name the specific nurses, but also demonstrate they were involved in handling the Plaintiff's specific HCR requests. "A defendant cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).

The Plaintiffs have also listed Nursing Director Danielle Walker-Low as a Defendant, but they only allege she has admitted one dentist is not sufficient to handle the workload. The Plaintiffs claim Walker-Low is responsible for this deficiency because she is a supervisor, but a nurse would not have supervisory authority over a dentist or the Dentist's schedule. Nonetheless, based on the Plaintiffs claims, it appears Defendant Walker-Low and her staff were responsible for responding to HCRs. Therefore, the Plaintiffs have adequately stated a claim against the Nursing Director.

The Plaintiffs claim they complained to Rushville's Director, Gregg Scott, and Medical Director, Michael Bednarz, about their need for dental care and both were well aware of the problems with providing adequate care for residents. The Plaintiffs have adequately articulated a claim against both Scott and Bednarz.

The remaining Defendants include Wexford Health Source Regional Manager John Doe, Wexford Health Source Senior Staffing Consultant John Doe, and the John Doe "responsible for the contracted hours worked" by Rushville's dentist. Plaintiffs say they are suing these individuals in their individual and official capacities, but are unable to identify "the defendants by name that are responsible for Wexford Health Sources' understaffing…" (Comp., p. 11). The Plaintiffs have not even indicated whether they have any reason to believe the job positions they have identified exist within Wexford.

While not artfully pleaded, it appears the Plaintiffs intend to sue Wexford Health Source in its official capacity based on its policy and practice of providing inadequate staffing and inadequate dental care. Therefore, the court will add Defendant Wexford Health Source and dismiss the individual and unidentified Defendants as

redundant. If the court has misapprehended Plaintiffs intended claims, they may file a motion for leave to amend their complaint.

**IT IS ORDERED:**

1. Plaintiffs' petitions to proceed in forma pauperis are granted.(3,4,5,6). Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendants Wexford Health Source, Dr. Jaqueline Mitchell-Lawshea, Michael Bednarz, Danielle Walker-Low, Gregg Scott and six Jane Doe Nurses violated their Fourteenth Amendment rights based on inadequate dental care and deliberate indifference to their serious dental conditions. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is

not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12. **The Clerk is directed to dismiss Defendants John Doe #1 (Wexford Regional Manager); John Doe #2 (Senior Staffing Consultant); John Doe #3 and "any and all other defendants" for failure to state a claim upon which relief can be granted.**

13. **The Clerk is also to add Defendant Wexford Health Source to this lawsuit.**

ENTERED: June 29, 2015
FOR THE COURT:            s/ Sue E. Myerscough
                                   SUE E. MEYERSCOUGH
                           UNITED STATES DISTRICT JUDGE